**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000362
16-JUL-2014
08:31 AM**

NO. CAAP-14-0000362

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GERALD K. MOUNT, JR. and JANE R. MOUNT,
Plaintiffs/Counterclaim Defendants/Appellees,
v.
MARGARET APAO, Defendant-Appellant,
and
DIRK APAO, as Co-Personal Representative
of The Estate of Rose Marie Alvaro, Deceased,
Defendant/Counterclaim-Plaintiff/Third-Party Plaintiff/Appellant,
and
SESHA LOVELACE, as Co-Personal Representative
of The Estate of Rose Marie Alvaro, Deceased,
Defendant/Cross-Claim Defendant/Appellee ,
and
U.S. BANK NATIONAL ASSOCIATION, a National Association
as Trustee for the Structured Asset Securities
Corporation Mortgage Pass-Through Certificates 2005-SC1,
Third-Party Defendant/Cross-Claim Plaintiff/Appellee,
and
JOHN DOES 1-10, et al., Defendants

APPEAL FROM THE CIRCUIT COURT THE FIRST CIRCUIT
(CIVIL NO. 11-1-2005-09)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record on appeal, it appears that we lack appellate jurisdiction over this appeal that Defendant-Appellant Margaret Apao (Appellant Margaret Apao) and Defendant/Counterclaim-Plaintiff/Third-Party Plaintiff/Appellant Dirk Apao (Appellant Dirk Apao) have asserted from the Honorable Karen T. Nakasone's January 6, 2014 "Judgment on Attorneys' Fees and Costs" (hereinafter "the January 6, 2014 award of attorneys' fees and costs") in favor of Third-Party Defendant/Cross-Claim Plaintiff/Appellee U.S. Bank National Association, a National Association as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-SC1 (Appellee U.S. Bank National Association) and against Appellant Dirk Apao, because the circuit court has not yet entered an appealable final judgment on Appellant Dirk Apao's third-party complaint against Appellee U.S. Bank National Association, and, thus, the directly related January 6, 2014 award of attorneys' fees and costs is not yet eligible for appellate review.

Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2013) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Granted, the circuit court has already entered a July 29, 2013 judgment, which might make the subsequent January 6, 2014 award of attorneys' fees and costs appear to be, in effect, a post-judgment order that finally determines a post-judgment motion for attorneys' fees and costs, which, in turn, "is an appealable final [post-judgment] order under HRS § 641-1(a)." Chun v. Board of Trustees, 106 Hawai'i 416, 429 n.12, 106 P.3d 339, 352 n.12

(2005). However, that principle of appealability applies only when there is an appealable final judgment upon which the trial court bases its subsequent post-judgment order awarding attorneys' fees and costs. Through the January 6, 2014 award of attorneys' fees and costs, the circuit court awarded attorneys' fees and costs in favor of Appellee U.S. Bank National Association and against Appellant Dirk Apao as a direct consequence of the July 29, 2013 judgment expressly entering judgment in favor of Appellee U.S. Bank National Association and against Appellant Dirk Apao as to Appellant Dirk Apao's third-party complaint against Appellee U.S. Bank National Association. Nevertheless, as explained below, the July 29, 2013 judgment is not an appealable final judgment as to Appellant Dirk Apao's third-party complaint against Appellee U.S. Bank National Association, and, thus, the directly related January 6, 2014 award of attorneys' fees and costs in favor of Appellee U.S. Bank National Association and against Appellant Dirk Apao is not an appealable final post-judgment order.

Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76

Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted; original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (original emphasis).

Regarding the issue of finality, "[a] judgment is final when all claims of the parties to the case have been terminated." Fought & Co., Inc. v. Steel Engineering, 87 Hawai'i 37, 49, 951 P.2d 487, 499 (1998) (citation and internal quotation marks omitted). In other words, a final judgment "generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Elliot Megdal & Assocs. v. Daio USA Corporation, 87 Hawai'i 129, 135, 952 P.2d 886, 892 (App. 1998) (citation and internal quotation marks

-4-

omitted). Thus, a final judgment must resolve both (a) the parties' claims <u>and</u> (b) the issue whether any prevailing party is entitled to an award of any general damages or special damages for which that prevailing party prayed. For example, we dismissed an appeal from an HRCP Rule 54(b)-certified judgment that adjudicated a substantive claim in favor of a party where

> it [wa]s clear that the issue of damages was not finally decided as <u>the circuit court expressly retained jurisdiction over this case after the . . . [j]udgment was entered to determine [the prevailing party]'s future damages</u> under the lease documents . . . . Clearly, the circuit court had more to do here than simply execute the judgment. . . . As such, <u>this judgment was not final</u> and should not have been certified by the circuit court as final pursuant to HRCP Rule 54(b).

<u>Elliot Megdal & Assocs. v. Daio USA Corporation</u>, 87 Hawai'i at 135, 952 P.2d at 892 (citation and internal quotation marks omitted; emphases added).

Similarly in the instant case, the circuit court entered a July 29, 2013 judgment that purports to resolve all of the parties' remaining claims in this case, but, nevertheless, expressly retains jurisdiction over this case after the entry of the July 29, 2013 judgment to determine two prevailing parties' award of damages. The July 29, 2013 judgment purports to adjudicate

- Plaintiffs/Counterclaim Defendants/Appellees Gerald K. Mount, Jr., and Jane R. Mount's (the Mount Appellees) complaint against Appellant Margaret Apao, Appellant Dirk Apao, and Defendant-Appellee Walter Scott Burgess (Appellee Burgess),

- Appellant Dirk Apao's counterclaim against the Mount Appellees,

- Appellee U.S. Bank National Association's cross-claim against Defendant/Cross-Claim Defendant/Appellee Sesha Lovelace, and

- Appellant Dirk Apao's third-party complaint against Appellee U.S. Bank National Association.

However, paragraph numeral 5 on page 5 of the July 29, 2013 judgment expressly provides that "[t]his Court retains jurisdiction to determine, upon motion, the amount of Plaintiffs Gerald K. Mount, Jr. and Jane R. Mount's damages." Because the July 29, 2013 does not resolve the outstanding issue of the Mount Appellees' prayer for damages, the July 29, 2013 does not completely resolve all claims against all parties, as HRS § 641-1(a) and HRCP Rule 58 require for an appealable final judgment under the holding in <u>Jenkins</u>. Furthermore, the July 29, 2013 judgment does not contain an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b).

We note that the limited portion of the July 29, 2013 judgment that enters a judgment for possession in favor of the Mount Appellees and against Appellant Margaret Apao, Appellant Dirk Apao, and Appellee Burgess as to the Mount Appellees' cause of action for ejectment in Count 1 of their complaint is appealable under an exception to the finality requirement, namely the <u>Forgay</u> doctrine. <u>See</u> <u>Ciesla v. Reddish</u>, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995); <u>Lambert v. Teisina</u>, 131 Hawai'i 457, 462,319 P.3d 376, 381 (2014). Appellant Margaret Apao and Appellant Dirk Apao are already appealing from that limited portion of the July 29, 2013 judgment in appellate court case number CAAP-13-0002977.

However, the remainder of the July 29, 2013 judgment, including the portion of the July 29, 2013 judgment that purports to enter judgment on Appellant Dirk Apao's third-party complaint

against Appellee U.S. Bank National Association, is not yet eligible for appellate review, because the July 29, 2013 judgment does not, on its face, completely resolve all of the parties' claims. As a result, the directly resulting January 6, 2014 award of attorneys' fees and costs in favor of Appellee U.S. Bank National Association and against Appellant Dirk Apao is not an appealable final post-judgment order. Instead, the January 6, 2014 award of attorneys' fees and costs is an interlocutory order that could potentially be eligible for appellate review at some time in the future when and if an aggrieved party asserts a timely appeal from an appealable final judgment on Appellant Dirk Apao's third-party complaint against Appellee U.S. Bank National Association, because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted).

The fact that the circuit court reduced its award of attorneys' fees and costs in favor of Appellee U.S. Bank National Association and against Appellant Dirk Apao to the document that the circuit court labeled as a "judgment," i.e., the January 6, 2014 "Judgment on Attorneys' Fees and Costs," does not make the January 6, 2014 award of attorneys' fees and costs an independently appealable final judgment. Under analogous circumstances, Hawai'i appellate courts have consistently held that an award of attorneys' fees and costs, by itself, cannot be reduced to an appealable final judgment because the award of

attorneys' fees and costs, by itself, "is not a final decision with respect to a claim for relief." Fujimoto v. Au, 95 Hawai'i 116, 136 n.16, 19 P.3d 699, 719 n.16 (2001) (citation and internal quotation marks omitted). "The entry of judgment and taxation of costs are separate legal acts." CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawai'i 301, 307, 22 P.3d 97, 103 (App. 2001) (citation, internal quotation marks and brackets omitted). As the Fujimoto v. Au court held, without the entry of a judgment that satisfies the requirements for an appealable final judgment under the holding in Jenkins, a directly related award of attorneys' fees and costs is not yet eligible for appellate review:

> This court does not have jurisdiction over the appeal and cross-appeal of the "judgment" in favor of [a defendant] and against the plaintiffs, filed on April 20, 1999, inasmuch as the document filed by the circuit court does not expressly enter judgment in [the defendant]'s favor with respect to the plaintiffs' substantive claims against him, but merely refers to the entry of the summary judgment orders that disposed of those claims. Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). Absent entry of an appealable final judgment on the claims against [the defendant], the award of attorneys' fees and costs is likewise not appealable.

Fujimoto v. Au, 95 Hawai'i at 123, 19 P.3d at 706 (emphases added); see also CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawai'i at 306, 22 P.3d at 102 ("Similarly, the September 23, 1999 Order [awarding only attorneys' fees] and the February 3, 2000 Judgment [awarding only attorneys' fees] are not appealable, and we do not have appellate jurisdiction to review them."). Noting that "the circuit court entered a final judgment in favor of [the defendant] as to attorneys' fees and costs, but did not enter a[n appealable] final judgment resolving the plaintiff's substantive claims against [the defendant]" (Fujimoto, 95 Hawai'i at 136, 19

-8-

P.3d at 719), the Fujimoto court additionally "note[ed] that the circuit court's order awarding attorneys' fees and costs may not be certified as a final judgment, pursuant to HRCP Rule 54(b), because such an order is not a final decision with respect to a claim for relief." Id. at 136 n.16, 19 P.3d at 719 n.16 (citation and internal quotation marks omitted). Entry of an appealable final judgment is a prerequisite to appellate review of a circuit court's award of attorneys' fees and costs. When an aggrieved party asserts a timely appeal from an appealable final judgment, then an appellate court may "review the circuit court's orders awarding attorneys fees and costs in favor of or against a party in the course of the appellate review of [the appealable] final judgment . . . , insofar as those orders relate the final judgment and are being appealed." Id.

Similarly in the instant case, the circuit court has not yet entered an appealable final judgment on Appellant Dirk Apao's third-party complaint against Appellee U.S. Bank National Association. Consequently, the directly related January 6, 2014 award of attorneys' fees and costs to Appellee U.S. Bank National Association as the prevailing party in the adjudication of Appellant Dirk Apao's third-party complaint against Appellee U.S. Bank National Association) is not an independently appealable final judgment or final post-judgment order, but, instead, it is merely an interlocutory order that is not yet eligible for appellate review until the circuit court enters an appealable final judgment on Appellant Dirk Apao's third-party complaint against Appellee U.S. Bank National Association.

Absent an appealable final judgment on Appellant Dirk Apao's third-party complaint against Appellee U.S. Bank National Association that satisfies the requirements for appealability under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins, the directly related January 6, 2014 award of attorneys' fees and costs is not eligible for appellate review. Consequently, Appellant Margaret Apao and Dirk Apao's appeal in appellate court case number CAAP-14-0000362 is premature, and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000362 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, July 16, 2014.

Chief Judge

Associate Judge

Associate Judge

-10-